**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK CRAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 7128 |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Cole |
| COOK COUNTY CORRECTIONAL GRAFFEO, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Derrick Crayton ("Plaintiff") brings this action pursuant to 42 U.S.C. §1983 alleging that Defendants used excessive force against him during two separate incidents, both on May 7, 2012, at Cook County Jail (CCJ). Plaintiff has also alleged state law claims in connection with these incidents.

Defendants move for summary judgment as Plaintiff has failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and therefore Defendants are entitled to judgment as a matter of law on Plaintiff's federal claims. Plaintiff has also failed to create a genuine issue of material fact regarding the personal involvement of certain Defendants, discussed below, in his alleged constitutional and state law violations.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the court must view all facts and reasonable inferences in favor of the nonmoving party, *Samuelson v. LaPorte Cnty. Sch. Corp.,* 526 F.3d 1046, 1051 (7th Cir. 2008), those inferences must be both reasonable *and* find support in the record. *See Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010)(emphasis added); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005)(the court is not required to accept unreasonable factual inferences). The court is also not required to draw "[i]nferences that are supported by only speculation or conjecture." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008)(quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

Summary judgment must be entered against the non-moving party where that party "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate, by specific facts, that there is a genuine issue of material fact that requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 n. 11 (1986)(citing Fed. R. Civ. P. 56(E)); *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Egonmwan v. Cook County Sheriff's Dept*., 544 F.3d 845, 849 (7th Cir. 2010).

## ARGUMENT

I. **Plaintiff Has Failed to Properly Exhaust His Administrative Remedies as Required by the PLRA**

Plaintiff filed a grievance related to the two May 7, 2012 incidents, but he failed to file an appeal of that grievance as he was required to do by the CCJ grievance procedure. Further,

Plaintiff's filing of a complaint with the Office of Professional Review (OPR) does not constitute exhaustion or a substitute for using the grievance procedure. Therefore, Plaintiff did not properly exhaust his administrative remedies under the established CCJ grievance procedure and Defendants are entitled to judgment as a matter of law on Plaintiff's § 1983 claims.[1]

      **A.     Plaintiff did not exhaust under the CCJ inmate grievance procedure because he did not file an appeal of his grievance**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the PLRA is to allow for "corrective action" to be taken in response to an inmate's grievance and to improve prison administration and satisfy the inmate. *Booth v. Churner*, 532 U.S. 731, 737 (2001). Section 1997e(a) requires "proper exhaustion"; that is, the inmate must file a grievance utilizing the procedures and rules of the state's prison grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93, (2006). The "applicable procedural rules" that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Thus, "[a] prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id*. Proper exhaustion is required before a detainee may file a lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2001); *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

---

[1] Plaintiff was incarcerated in the Illinois Department of Corrections when this lawsuit, Def. SOF ¶ 2, and therefore the PLRA applies. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004).

Defendants have shown that Plaintiff did not properly exhaust his administrative remedies prior to filing suit. Cook County Jail[2] had an established grievance procedure in 2012 that was available to all detainees.[3] Defendants' Local Rule 56.1(a)(3) Statement of Material Facts and Supporting Exhibits (Def. SOF) ¶ 8; *see Smith v. Hallberg*, 11 C 0188, 2012 U.S. Dist. LEXIS 137347, at * 17 (N.D Ill. Sept. 25, 2012)(citing John Howard Association's Court Monitoring Report, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill), which reflected that the Cook County Jail has "an established and publicized grievance procedure"). Cook County Jail's grievance procedure requires that detainees file an appeal of the grievance response in order to properly exhaust their administrative remedies. Def. SOF ¶ 9. In the instant case, Plaintiff filed two grievances regarding the May 7, 2012 incidents, which were processed together and given the shared control number of 2012 X 6980. Def. SOF ¶¶ 4-5. Plaintiff received a response to those grievances on June 5, 2012. *Id.* ¶ 6. However, Plaintiff did not file an appeal of that response. *Id.* ¶ 8. Therefore, Plaintiff failed to properly exhaust his administrative remedies and Defendants are entitled to judgment as a matter of law. *See Jones*, 549 U.S. at 218 (the prisoner must comply with the institution's grievance procedure to properly exhaust); *Ford*, 362 F.3d at 397.

At best, the record indicates that Plaintiff simply did not know what steps he had to take following his grievance response. Def. Ex. 1, Pl. dep. p. 72. Plaintiff testified that the grievance response "indicated" to him that it was "out of their hands." *Id.* Plaintiff also testified that OPR spoke with him, but never followed up. *Id.* There is nothing in the record that Plaintiff was misled or given incorrect information by jail staff about how to proceed and his ignorance about the grievance procedure does not excuse his compliance with it. *See, e.g., Booth*, 532 U.S. at 741

---

2 Cook County Jail and the Cook County Department of Corrections are one in the same.
3 The terms "detainees" and "inmates" are used interchangeably.

n.6; *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503 (7th Cir. 2010)(rejecting the plaintiff's purported argument that he did not file an appeal because he did not know he was required to do so); *Twitty v. McCoskey*, 226 Fed. Appx. 594, 595-96 (7th Cir. March 8, 2007)(rejecting a plaintiff's argument that he did not have to exhaust his administrative remedies because the jail officials allegedly failed to make him aware of the grievance procedure); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)(a prisoner's "subjective beliefs" about the grievance procedure were irrelevant and his lack of knowledge about the grievance procedure did not excuse compliance thereto); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001)(assistant attorney general's response to prisoner's informal complaint had no duty to inform the prisoner of the prison's formal grievance procedures); *Brock v. Kenton Cty.*, 93 Fed. Appx. 793, 797-98 (6th Cir. 2004)(non-published opinion); *Gonzalez-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. 2003)(non-published opinion).

Plaintiff's mistaken belief that he did not need appeal his grievances does not relieve him of his obligation to comply with the requirements of CCJ's grievance procedure. Plaintiff has failed to exhaust his administrative remedies and Defendants are entitled to judgment as a matter of law.

**B.     Plaintiff's filing of an OPR complaint did not constitute exhaustion under the PLRA.**

Defendants anticipate Plaintiff will argue that his filing of a complaint with OPR was sufficient to exhaust his administrative remedies or that the OPR investigation supplanted the grievance procedure. However, the two procedures are separate and distinct from each other and Plaintiff's contentions are contrary to authority in this circuit (as well as several others). Therefore, Plaintiff cannot defeat Defendants' motion for summary judgment.

"Internal affairs" investigations, like those conducted by OPR[4], are separate and distinct, legally and factually, from the administrative remedies, like the grievance procedure at CCJ, that a detainee must exhaust; therefore, Plaintiff's complaint to OPR was not an alternative to participation in the grievance procedure. Def. SOF ¶¶ 10-11. Moreover, this exact contention has been rejected by the Seventh Circuit and courts within and without this Circuit. *See, e.g., Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011)(holding that participation in an internal-affairs investigation does not satisfy the PLRA exhaustion requirement); *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 953 (9th Cir. 2005)(cited with approval in *Pavey*); *Thomas v. Wollum*, 337 F.3d 720, 734 (6th Cir. 2003), *abrogated on other ground by Woodford v. Ngo*, 548 U.S. 81, 87 (2006)(cited with approval in *Pavey*); *Williams v. Suffolk Cty.*, 2012 U.S. Dist. LEXIS 182756, at *11 (E.D.N.Y 2012)(a plaintiff's complaint to Internal Affairs does not constitute "proper exhaustion"); *Canady v. Davis*, 07 C 5028, 2009 U.S. Dist. LEXIS 36884, at * 11 (N.D. Ill. Apr. 29, 2009)(finding the internal-affairs investigation process at Cook County Jail (CCJ) was not an alternative grievance procedure); *Velez v. Kamin*, 2008 U.S. Dist. LEXIS 3564, at ** 15-18 (E.D. Wi. 2008)(a prisoner's lawsuit was dismissed where he failed to file a formal grievance, even where the prisoner complained to the jail, an investigation was opened and the officer involved was eventually terminated as a result of that investigation).

The distinction between the inmate grievance procedure and an OPR investigation is also evident when comparing the two in terms of the purpose, procedure and the remedies available through each. The inmate grievance procedure concerns detainee rights and responsibilities with respect to grievances and provides that the detainee filing the grievance be notified of the response and also is afforded the opportunity to appeal that response. Def. Ex. 3, Mueller aff.,

---

4 OPR is the equivalent of an internal affairs unit. Def. Ex. 5, Affidavit of Jerome Graber (Graber aff.) ¶ 1.

Attachment A, S.O. 11.14.5.0, Secs. VII. A, VIII. D. By contrast, an OPR investigation is focused on Sheriff's Department employees – including those employed at CCJ - that are accused of misconduct, may be opened based on complaints from persons other than detainees (e.g., staff members, citizens, attorneys, relatives), and there is no mechanism for the detainee/inmate complainant to appeal the results of the investigation. Def. Ex. 5, Graber aff. ¶¶ 1-3. In addition, the "remedies" available to a prisoner also supports the treatment of both processes as completely separate and distinct from one another. As the Seventh Circuit stated in *Pavey*, "Section 1997e(a) is concerned with the "remedies" that have been made available to prisoners. An internal-affairs investigation may lead to disciplinary proceedings targeting the wayward employee but ordinarily does not offer a remedy to the prisoner who was on the receiving end of the employee's malfeasance." *Pavey*, 663 F.3d at 905.

The Seventh Circuit also noted that even if an internal affairs investigation could result in some relief to a prisoner, the prisoner does not get to "pick and choose how to present their concerns to prison officials." *Pavey*, 663 F.3d at 905. In this instant case, the CCJ grievance procedure was available to Plaintiff and his filing of a grievance clearly establishes that. Def. SOF ¶¶ 4, 8. Plaintiff's filing of an OPR complaint was within his prerogative, but it did not take the place of his obligation to also comply with CCJ's grievance procedure. Def. SOF ¶ 9-11; *see Jones*, 549 U.S. at 218; *Pavey*, 663 F.3d at 906 (a prisoner must comply with the grievance procedure's "critical procedure rules").

The Seventh Circuit addressed a virtually identical situation in *Worthem v. Boyle*, 404 Fed. Appx. 45 (7th Cir. 2010). In *Worthem*, the plaintiff, a CCJ detainee, filed a grievance and received a response stating that his grievance had been forwarded to Internal Affairs. 404 Fed. Appx. at 45.The plaintiff appealed that response and his appeal was rejected with the explanation

7

that Internal Affairs was handling the matter. *Id.* The Seventh Circuit affirmed the district court's grant of summary judgment and rejected the plaintiff's contention that the exhaustion requirement was satisfied when his grievance was forwarded to Internal Affairs. *Id.* at 46. "Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals." *Id.* (citations omitted). The exhaustion procedure did not end when the plaintiff's grievance was forwarded to Internal Affairs and if he was displeased with the jail's decision to refer the matter to Internal Affairs, he could have filed an appeal. *Id.* The court also noted that the plaintiff did not wait for the Internal Affairs investigation to be completed and the appeal – which he ultimately did file – had to have been made *before* he filed his lawsuit. *Id.*

In the instant case, Plaintiff was required to properly exhaust his administrative remedies through the grievance procedure, regardless of the response he received. Referral of the case to OPR did not obviate the requirement that he follow CCJ's established grievance procedure, which included filing an appeal of his grievance response. Def. SOF ¶¶ 9-11. Plaintiff failed to do so and therefore Defendants are entitled to summary judgment on Plaintiff's § 1983 claim.

II. **Plaintiff Has Failed to Show Unconstitutional or Illegal Acts Were Committed by Hernandez, Rodriguez, Salamone or Iracheta**

Plaintiff has not demonstrated there is a genuine issue of material fact regarding excessive force or any of his state law claims with regard to any Defendant, except for Officer Graffeo. Therefore, the remaining Defendants are entitled to summary judgment on Plaintiff's § 1983 and state law claims.

To proceed against a defendant in an individual capacity, a plaintiff must show that the defendant was personally involved in depriving him of his constitutional rights. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005); *Palmer v. Marion County*, 327 F.3d 588,

594 (7th Cir. 2003). An official cannot be held liable in a § 1983 action under a theory of *respondeat superior*. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

Because there are two separate incidents that comprise Plaintiff's lawsuit and some Defendants are allegedly involved in one, but not the other, Defendants will address each separately.

### A. First incident

Plaintiff has alleged that Graffeo, Hernandez, Iracheta and Rodriguez (along with unknown officers) used excessive force against him during the first incident. Pl. compl., ¶¶ 13, 15. However, Plaintiff has failed to produce any evidence to sustain this claim against these Defendants, save for Graffeo.

Plaintiff admitted that Hernandez did not use excessive force against him during the first incident. *See* Def. Ex. 1, Pl. dep. pp. 29-30, 35. Plaintiff testified that he would give Hernandez "the benefit of the doubt" regarding anything that happened during the first incident and that Hernandez was "actually kind of like covering my head when Graffeo was swinging on [him]," which prevented Plaintiff from getting hit with more (alleged) punches. *Id.* pp. 29-30. Indeed, Plaintiff agreed that Hernandez was actually shielding him from getting hurt worse during the incident. *Id.* at 30. This can hardly be considered to be conduct that would violate Plaintiff's constitutional rights; if anything, Hernandez's actions were to protect Plaintiff, not cause him harm. Therefore, this Court should grant summary judgment in Hernandez's favor on all claims.

As far as Iracheta and Rodriguez, the record is also devoid of any evidence that either of them used excessive force against Plaintiff. Plaintiff's only conceivable theory of their liability

9

for this incident is that Iracheta and Rodriguez were there so they must have been involved. This is improper, unsupported by the record and does not create a genuine issue of material fact.

The Seventh Circuit addressed - and rejected - this "collective punishment" theory and found it to be insufficient to defeat summary judgment. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). In *Hessel*, the plaintiffs alleged that items were stolen from them during the execution of a search warrant. 977 F.2d at 301. The plaintiffs did not allege a conspiracy or any other similar theory of liability, leaving the court with "the pure principle of collective punishment as the sole basis of liability." *Id.* at 305. However, "[p]roximity to a wrongdoer does not authorize punishment." *Id.* Although the court "may assume that the stolen items . . . were taken by one of the 14 defendants[,] [t]hat is not good enough to fend off summary judgment." *Id.* at 305; *see Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008)(a plaintiff must prove the individual personally participated in or caused the unconstitutional actions). In the instant case, Plaintiff has produced no evidence that Iracheta or Rodriguez used excessive force against him during the first incident and this Court should reject his attempt to impose collective punishment on these two Defendants. The same lack of evidence against Iracheta and Rodriguez applies to Plaintiff's state law claims for assault, battery and willful and wanton conduct, Pl. compl., Count III, and summary judgment should also be granted in their favor on those claims.

  **B.**  **Second incident**

Plaintiff has alleged that Salamone, Iracheta, Rodriguez (and unknown officers) used excessive force against him during the second incident. Pl. compl. ¶¶ 16-17. Based on the record, Plaintiff has failed to present sufficient evidence to stave off summary judgment as to Salamone or Rodriguez.

10

The record in this case demonstrates that Plaintiff has not created a genuine issue of material fact with regard to Salamone and Rodriguez as to the second incident. Simply put, there is no evidence that Salamone used excessive force against Plaintiff. Plaintiff claims at least five correctional staff were involved in the second incident. Def. Ex. 1, Pl. dep. pp. 53-54. However, Plaintiff's only testimony regarding Salamone is that Salamone was "part of the restraint." *Id.* p. 58. Plaintiff has provided no specific evidence as to force used by Salamone, let alone excessive force. Plaintiff has failed to provide evidence of *specific* facts creating a genuine dispute about Salamone's involvement, *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012)(emphasis added), and this Court should reject Plaintiff's attempt at "collective punishment." *See Hessel*, 977 F.2d at 305.

Plaintiff has also failed to show that Rodriguez used excessive force against him during the second incident. The only testimony concerning either sergeants' (Iracheta or Rodriguez) involvement in the second incident is that one of them put a boot on Plaintiff's head. Def. Ex. 1, Pl. dep. p. 59. Plaintiff could not identify which sergeant it was, *id.*, but then stated "I am actually leaning toward Iracheta. I think it was Sergeant Irachata [sic]." There is no evidence of Rodriguez's involvement in the second incident and if Plaintiff does not believe it was Rodriguez who allegedly put his boot on his head, no reasonable jury could conclude that it was him either. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent). As with the first incident, Plaintiff's failure to sustain his excessive force claims against Salamone and Rodriguez for the second incident is also fatal to his state law claims against them and they are entitled to judgment as a matter of law.

## **CONCLUSION**

WHEREFORE Defendants, for all of the foregoing reasons, respectfully request that this Honorable Court grant Defendants' summary judgment along with fees and costs, and further, that this Court dismiss Plaintiff's Complaint for failing to state a claim on which relief may be granted and/or as frivolous pursuant to § 1915(e)(2)(B)(i)(ii).

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County
        /s/ Anthony E. Zecchin
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-3373