### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK CRAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 7128 |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Cole |
| COOK COUNTY CORRECTIONAL GRAFFEO, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT

NOW COME Defendants, by their attorney, ANITA ALVAREZ, State's Attorney of

Cook County, and through her Assistant, Anthony E. Zecchin, and hereby submit the following

Reply in support of their Motion for Summary Judgment:

I. **This Court Should Refuse to Consider Plaintiff's Improper Responses and Purported Facts That Do Not Comply With Local Rule 56.1**

Plaintiff has failed to comply with Local Rule (LR) 56.1 for the reasons listed below and

this Court should refuse to consider any purported facts that are in violation thereof. Plaintiff's

argument that Defendants have not complied with LR 56.1 is without merit and should be

rejected.

    A.    *Inclusion of an excessive number of facts and non-material facts that are clearly in dispute*

Plaintiff has failed to comply with LR 56.1 in that he has filed almost double the

allowable number of facts allowed under this Court's standing order. Standing Order, Summary

Judgement [sic] in Consent Cases," Cole, J. (allowing the non-moving party to submit 50 facts in

response); *Malec v. Sanford*, 97 C 7877, 191 F.R.D. 581, 583 (N.D. Ill. March 7, 2000).

Although Plaintiff has listed only 39 paragraphs in his LR 56.1(b)(3)(C) statement (Dkt. No. 41,

Plaintiff's Local Rule 56.1 Statement of Additional Material Facts (Pl. SOF)), virtually every one

of those paragraphs contain multiple facts; in fact, Plaintiff has violated LR 56.1 and put forth

approximately 79 purported facts in his LR 56.1 statement. Only 9 of paragraphs contain a single

fact and one (¶ 18) actually contains six! Each factual statement "should contain only one or two

individual allegations, thereby allowing easy response. [  ] it is inappropriate to confuse the

issues by alleging multiple facts in a single paragraph in hope of one's opponent missing one."

*Malec*, 191 F.R.D. at 583; *see Cracco v. Vitran Exp. Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).

Because of the excessive number of facts – almost double those provided by LR 56.1(b)(3)(c) –

this Court should disregard Plaintiff's submission. Plaintiff has also improperly submitted facts

in paragraphs 6 and 9 in his Response to Defendants' Local Rule 56.1(a)(3) Statement of

Material Facts (Pl. resp.)(Dkt. No. 39), which should not be considered, *see McGuire v. United

Parcel Srvs.*, 152 F.3d 673, 675 (7th Cir. 1998), and this Court to deem Defendants' facts in

those paragraphs to be admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Plaintiff's submission of facts under LR 56.1 is also improper as he has included

purported facts that are not material and clearly in dispute. Facts set forth in a LR 56.1(a)(3)

statement are to be *material* and those to which there is no *genuine* issue. LR

56.1(a)(3)(emphasis added). Moreover, and more importantly, those facts are to be "undisputed."

LR 56.1(a)(3)(B). The same standards apply to statements made by the non-moving party. *See

Kiswani v. Phoenix Sec. Agency, Inc.*, 529 F.Supp.2d 949, 951 (N.D. Ill. Jan. 2, 2008)(Denlow,

J.); *Malec*, 191 F.R.D. at 584. It is also inconceivable that any reading of LR 56.1 would allow

for the suspension of these basic requirements (i.e., submission of only facts that are undisputed,

material, and for which there is no genuine issue) for the non-moving party. Such a reading

would be akin to asking the court to review facts that LR 56.1 dictates should not be included in

the first place. Despite this, however, Plaintiff has submitted numerous facts in his LR 56.1

statement that are clearly in dispute. Pl. SOF ¶¶ 5-13, 20, and 34-37. Inclusion of such facts not

only violates the clear directive of LR 56.1, but it also requires this Court to use its time and

resources to review facts that are obviously in dispute. Therefore, this Court should not consider

those and any other paragraphs that it deems to be in violation of LR 56.1.

      Plaintiff's LR 56.1 statement also misapprehends the term "material" in the context of LR

56.1 statements, as many of the facts he has put forth are undisputed and do not affect the

outcome of this motion.[1] *See Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012)(to preclude

summary judgment, disputed facts must be both material *and* genuine)(emphasis in original);

*Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010)(the court may grant

summary judgment if facts are in dispute, so long as those facts are not outcome determinative);

*Sistrunk v. Khan*, 11 C 3974, 2013 U.S. Dist. LEXIS 9496, at * 22 (N.D. Ill. Jan. 24,

2013)(Cole, J.). As with the submission of disputed facts in a LR 56.1 statement, including

immaterial facts has no other function but to require the court to waste time and resources

reviewing facts that are unnecessary for purposes of summary judgment.

      B.    *Argumentative facts and responses*

      Plaintiff also has submitted facts in his LR 56.1 statement that make improper argument,

*see* Pl. SOF ¶¶ 5, 7-10, 12-13, 20, 34-37, and also responded to Defendants' facts with argument.

*See* Pl. resp. ¶¶ 6, 9. This is improper and those facts and responses should not be considered by

this Court. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008); *Judson*

*Atkinson Candies, Inc. v. Latini-Hohgerger Dhimantec*, 529 F.3d 371, 382, n. 2 (7th Cir. 2008);

*Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006).

---

[1] Many of Plaintiff's roughly 79 purported facts include background information and other facts that
should have no role in this Court's decision. *E.g.,* Pl. SOF ¶¶ 16-18, 24, 26-27, 29-31, 38 and parts of ¶¶
22, 23-25, 28 and 32.

C.      *Conclusory facts*

Many of Plaintiff's purported facts are also conclusory and based on speculation. *See* Pl.

SOF ¶¶ 5, 7-8, 10, 12-14, 20 and 34-37. Such responses are improper and do not create a genuine

issue of material fact. *See Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010)(speculation is

not sufficient to meet the non-moving party's burden at summary judgment); *Jordan v. Summers*,

205 F.3d 337, 344 (7th Cir. 2000)(conclusory statements, indications of opinion or speculation

do not produce a genuine issue of material fact). The same holds true for Plaintiff's responses to

Defendants' SOF in ¶¶ 6 and 9. Pl. resp. ¶¶ 6, 9.

D.      *Defendants' citation to facts outside of their LR 56.1 statement was proper*

Plaintiff has argued that this Court should not consider evidence or testimony cited to by

Defendants that is not specifically referenced in their LR 56.1 statement.[2] Dkt. No. 40, Plaintiff's

Response in Opposition to Defendants' Motion for Summary Judgment (Pl. memo.) pp. 12-13.

This position is not only incorrect, but also ignores the context in which certain facts were cited.

Defendants' LR 56.1 statement is limited to undisputed and material facts as required by

LR 56.1(a)(3) and (a)(3)(B). As Plaintiff's entire claim is based on allegations of excessive force,

any facts related to this claim are clearly in dispute and any citation to such facts should not be in

a LR 56.1 statement. Instead, such facts are more appropriately cited in a party's memorandum

of law as part of the argument being made. *See Judson Atkinson Candies, Inc.*, 529 F.3d at 382,

n. 2 (LR 56.1 statements not the place to make legal argument). There can be no good faith basis

---

2 The cases cited by Plaintiff in support of his request are clearly distinguishable. In *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627 (7th Cir. 2005), the court stated multiple bases for not considering an affidavit including the failure to provide responses that actually corresponded with the offered facts, the failure to cite to any portion of the record to support its assertions, and the conclusion that addition affidavits offered consisted of "unsupported and irrelevant conclusions." 423 F.3d at 633-34. In *Shaffer v. AMA*, 662 F.3d 439 (7th Cir. 2011), the court rejected an effort to bar an email not included in a LR 56.1 statement and noted that the party seeking its consideration had referenced it in other filings related to the motion for summary judgment. 662 F.3d at 442-43.

for advancing any such facts as undisputed or ones for which there is no genuine issue of

material fact. *See Malec*, 191 F.R.D. at 584. Defendants properly cited to the portions of

Plaintiff's testimony that support their argument and there was nothing regarding the use and

citation to that testimony that violated LR 56.1. *See Cracco,* 559 F.3d at 632 ("the district court

must apply Rule 56.1 in the specific context of the litigation before it and determine whether the

submission at issue adequately complies with the purpose and intent of the Rule or impedes that

Rule's effectiveness"). Finally, the facts cited to demonstrate Plaintiff's lack of evidence to

sustain his burden as to the personal involvement of certain Defendants are part of the record and

thus properly subject to consideration by the Court. Plaintiff's position would suggest that a

court could not review or cite to any parts of the record, unless it was part of either party's LR

56.1 submissions even if, as Defendants did here, the proper record cites were given. *Cf.*

*Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F.Supp.2d 656, 658-59 (N.D. Ill. April 5,

2011)(Cole, J.)("The court is not required to hunt for evidence in the record that supports a

party's case if a party fails to point it out . . ."). There is no authority cited for such a restrictive

interpretation of LR 56.1 or for the notion that a court could not review the *entire* record to

determine there is sufficient evidence for the non-moving party to survive summary judgment.

*See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(summary judgment should be

granted if no reasonable jury could return a verdict for the motion's opponent).

      For the above reasons, this Court should not consider Plaintiff's submissions that do not

comply with LR 56.1 and should reject Plaintiff's argument that there was any noncompliance

with LR 56.1.

II.      **Plaintiff Has Failed to Exhaust His Administrative Remedies under the Prison
Litigation Reform Act (PLRA)**

Plaintiff has presented no evidence to rebut Defendants' showing that he failed to exhaust his administrative remedies. Plaintiff failed to appeal his grievances and therefore he did not properly exhaust his administrative remedies as required under the CCJ grievance procedure. Therefore this Court should grant Defendants' motion for summary judgment on Plaintiff's § 1983 claim.

Plaintiff was required to fully his administrative remedies under the CCJ grievance procedure, *see Jones v. Bock*, 549 U.S. 199, 218 (2007)(a prisoner must comply with the institution's grievance procedure to properly exhaust); *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001), which includes appealing a grievance response. Def. SOF ¶ 9; Def. Ex. 2, Plaintiff's grievances (Pl. grievances) p. 5. Plaintiff concedes that an inmate must follow each of the steps in the grievance procedure in order to fully exhaust, Pl. resp. ¶ 9, and yet he did not do so. Plaintiff failed to appeal the response he received to his grievances, Def. SOF ¶¶ 6, 8, and therefore he failed to fully exhaust his administrative remedies.

Plaintiff's only argument on exhaustion is that the response he received from CCJ staff did not state whether the grievance was "sustained" or "not sustained," which had the effect of rendering his administrative remedies unavailable.[3] Pl. resp. pp. 6-7, 9-11. This argument is without merit and unsupported by any authority. Initially, there can be no reasonable dispute that Plaintiff received a response to his grievances, Def SOF ¶ 6, and any representation to the contrary is disingenuous at best.[4] Plaintiff repeatedly claims that he did not receive a response to

---

[3] As this is the only argument raised on this issue, Plaintiff has waived any others. *See Carter v. Astrue*, 413 Fed. Appx. 899, 905 (7th Cir. 2011); *Schiller v. Astrue*, 11 C 2387, 2013 U.S. Dist. LEXIS 64318, at * 22 (N.D. Ill. May 2, 2013)(Cole, J.)(arguments not made are waived).

[4] Although Plaintiff improperly responded to Def. SOF ¶ 6 and that fact should be deemed admitted, *see supra*, p. 2, even if this Court reviews that response, it is evasive and non-responsive and does not create a

his grievances, but this is completely contradicted by his deposition testimony and does not defeat summary judgment. *Cf. Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996) ("[P]arties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions").

Moreover, there is nothing in the record to support a claim that the grievance procedure was unavailable to Plaintiff and thus he was required to fully exhaust his administrative remedies before filing suit. *See*, *e.g., Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)(refusing to read any exceptions into the PLRA's exhaustion requirement); *Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005)(exhaustion required, even where the relief sought could not be granted through the grievance process); *see also Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006)(considering an inmate's claim he was too intimidated by guards' threats of retaliation to file a grievance); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004)(remanding to determine whether the prison's grievance procedure was available where prison staff failed to provide accepted grievance forms to the plaintiff).

In addition, there is no evidence – or even a claim - that he sought advice from jail personnel as to how to proceed, that he made any inquiry about the response he received or that he took any steps to pursue an appeal. Plaintiff has also failed to produce any evidence that would even suggest that he knew about grievance being sustained and not sustained at the time he received the response, so he cannot now argue that is why he failed to appeal his grievance. This claim would be of no consequence in any event as his subjective beliefs, and no evidence of any untoward actions or advice by jail staff, do not excuse compliance with the PLRA. *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503 (7th Cir. 2010)(rejecting the plaintiff's argument that he

genuine issue of material fact. *See Bordelon v. Chi. School Reform Bd. of Trustees*, 233 F.3d 524, 528-29 (7th Cir. 2000).

did not file an appeal because he did not know he was required to); *Twitty v. McCoskey*, 226 Fed.

Appx. 594, 595-96 (7th Cir. March 8, 2007)(rejecting a plaintiff's argument that he did not have

to exhaust because jail officials allegedly failed to make him aware of the grievance procedure).

Finally, there is no evidence that Plaintiff attempted to appeal his grievance but was prevented

from or denied doing so for any reason, let alone based on the lack of a sustained or not sustained

determination. Plaintiff action – or rather inaction – regarding his grievance does not excuse him

from complying with the PLRA.

The cases cited by Plaintiff regarding unavailability are completely inapplicable to the

instant facts. In *Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005), the plaintiff received *no*

response to his grievance, so he had nothing to appeal, 423 F.3d at 682; in *Dole v. Chandler*, 438

F.3d 804 (7th Cir. 2006), the prison had no record of the grievance and the plaintiff was only

notified of this after the period for filing a grievance had lapsed, 438 F.3d at 810-11; in *Devbrow*

*v. Carroll*, 07-cv-1355, 2009 U.S. Dist. LEXIS 76380, at ** 4-6 (S.D. Ind. Aug 26, 2009), a non-

binding case, involved a plaintiff that failed to receive a response and received no instruction on

how to proceed when he received no response. The facts and procedural posture of these cases

differ significantly from the instant case and do not support Plaintiff's argument. Plaintiff also

fails to distinguish *Worthem v. Boyle*, 404 Fed. Appx. 45 (7th Cir. 2010), which contains

virtually the same facts and circumstances. The timing or time limits of taking an appeal and

when the lawsuit was filed is not at issue in this case so those distinctions do not render *Worthem*

inapplicable. Plaintiff's claim that he did not know of the 14 day time limit to appeal is of no

consequence since he never indicated he sought or intended to take one. Moreover, his claim is

flatly contradicted by the actual language in the grievance response he received. Below

Plaintiff's signature, under the "Inmate's Request for An Appeal" portion of the response, it

states, "to exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received a response." Def. Ex. 2, Pl. grievances, p. 5. The time frame and requirement for an appeal to exhaust under the CCJ grievance procedure is stated right in the response, yet Plaintiff did not do so.

It is Plaintiff's obligation to properly exhaust his administrative remedies; not the jail staff's. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002)("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them . . ."); *see also Twitty*, 226 Fed. Appx. at 596 (where there is no suggestion of affirmative misconduct by jail officials, the prisoner "bore the responsibility of taking the appropriate steps to comply with the proper procedure"). Plaintiff's grievances were responded to and he failed to appeal that response; there is no basis for excusing his compliance with the PLRA. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002)(prisoner must exhaust even if only seeking monetary damages); *Booth*, 532 U.S. at 734-35 (futility of pursuing certain remedies, including injunctive relief and money damages that were not available through the grievance system, does not excuse compliance); *Pozo,* 286 F.3d at 1024 (failure to do what is required for exhaustion "bars, and does not just postpone, suit under § 1983"); *Dixon v. Page*, 291 F.3d 485, 491 (7th Cir. 2002)(prisoner did not exhaust when, after he did not receive the relief he was promised, he did not appeal to the next level of review); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)(affirming the grant of summary judgment on exhaustion where plaintiff received a timely response to his grievance and failed to appeal it).

Plaintiff did not file an appeal of the response to his grievance and he has failed to overcome Defendants' showing that he failed to properly exhaust his administrative remedies.

Plaintiff's failure to comply with the PLRA is fatal to his federal claims and this Court should enter summary judgment in Defendants' favor.

III. **Plaintiff's Response Has Not Created a Genuine Issue of Material Fact Regarding Defendants' Personal Involvement in His Allegations.**

Plaintiff has failed to present evidence to support or provide the basis for a reasonable inference that Hernandez, Iracheta and Rodriguez violated his constitutional right during the first incident or that Salamone or Rodriguez did during the second one. Plaintiff also inappropriately argues a failure to intervene claim, despite not being pled in his complaint. This Court should find there is insufficient evidence for Plaintiff to sustain his claims against these Defendants and should reject Plaintiff's effort to amend his complaint through his response to summary judgment.

Summary judgment is "put up or shut up" time. *Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). It "is not a dress rehearsal or practice run; . . . a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)(internal citations omitted); *Beaumont,* 782 F. Supp. 2d at 663. In this case, that evidence is missing. What Plaintiff purports to be evidence is nothing more than speculation and conjecture; all he has offered is that he saw certain Defendants and then he was allegedly beaten. Pl. memo. p. 14. The only Defendant that Plaintiff claims he actually saw hit him is Graffeo. Plaintiff's claim as to the other Defendants is completely unsupported by the record in this case and Plaintiff has failed to create a genuine issue of material fact as to their personal involvement. *Jordan v. Summers*, 205 F.3d 337, 344 (7th Cir. 2000)(conclusory statement, indications of opinion or speculation do not produce a genuine issue of material fact). Plaintiff cannot rely on his grievances to support his claims as they are inadmissible hearsay and cannot defeat summary judgment. *See Haywood v.*

*Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003)(hearsay does not create a genuine issue of material fact).

Plaintiff has also argued that should this Court not find enough evidence to sustain his excessive force claim then it should allow a failure to protect claim to lodge against these Defendants. This is improper and highly prejudicial to Defendants. It is well-settled that a plaintiff cannot amend his complaint by way of his response to a motion for summary judgment. *See, e.g., Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012)(finding waiver the plaintiff raised an argument for the first time in his response to summary judgment); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 814 (7th Cir 2011)("It is well settled that a plaintiff may not advance a new argument in response to a summary judgment motion"); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)("a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment")(quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). Moreover, the difference between an excessive force and a failure to protect claim is a substantive one, with separate and distinct elements for each.[5] Finally, it would be extremely prejudicial at this stage of litigation to allow Plaintiff to assert a failure to protect claim. There are no new facts or any reason that such an amendment could not have been made prior to Defendants moving for summary judgment.

## <u>CONCLUSION</u>

WHEREFORE Defendants, for all of the foregoing reasons, respectfully request that this Honorable Court grant Defendants' summary judgment along with fees and costs, and further, that this Court dismiss Plaintiff's Complaint for failing to state a claim on which relief may be granted and/or as frivolous pursuant to § 1915(e)(2)(B)(i)(ii).

---

5 For example, the Seventh Circuit Pattern Jury instructions provide separate instructions for each claim. *See* Seventh Circuit Pattern Jury  Instructions 7.08 (excessive force) and 7.11 (failure to protect).

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County
/s/ Anthony E. Zecchin
Anthony E. Zecchin
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL  60602