**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DERRICK CRAYTON,** | ) | |
| Plaintiff, | ) ) ) | No. 12 C 7128 |
| v. | ) ) ) | **Magistrate Judge Jeffrey Cole** |
| **COOK COUNTY CORRECTIONAL OFFICER GRAFFEO,** *et al.***,** | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has been a pre-trial detainee in the Cook County Department of Corrections, since October 2, 2010. Claiming that he was beaten by correctional officers in two separate incidents on May 7, 2012, he has filed suit against those officers – Graffeo, Hernandez, Rodriguez, Salamone, and Irachata – charging them with excessive force and various state law violations under the court's supplemental jurisdiction. The defendants have moved for summary judgment, arguing that the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a), and that he has failed to show that Officers Hernandez, Rodriguez, Salamone, or Irachata committed any unconstitutional acts against him.

The latter claim is odd, to say the least, since the defendants explain that all of the material facts related to plaintiff's excessive force claim are in dispute, and therefore should not be included in a Local Rule 56.1 statement. (*Defendants' Reply*, at 4). In light of the defendants' concession, they have effectively pled themselves out of court on this aspect of their motion. *Cf., Hollander v. Brown,* 457 F.3d 688, 691, n1. (7th Cir.2006); *U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.,* 255 F.Supp.2d 351, 367 (E.D.Pa.2002).

## I.

### A.
### Summary Judgment

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). On summary judgment, a court may not weigh the evidence or decide which inferences should be drawn from the facts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Still, "a factual dispute is 'genuine' only if a reasonable jury could find for either party." *Rosario v. Brawn*, 670 F.3d 816, 820 (7th Cir. 2012)(citation omitted). To survive summary judgment, a non-moving party must "show through specific evidence that a triable issue of fact remains on issues for which the nonmovant bears the burden of proof at trial." *Knight v. Wiseman*, 590 F.3d 458, 463-64 (7th Cir. 2009)(citation omitted). The evidence the nonmovant submits in support of his position must be sufficiently strong that a jury could reasonably find for the nonmovant. *Id.*

### B.

### Summary Judgment Under Local Rule 56.1

As always, the facts underlying this summary judgment proceeding are drawn from the parties' Local Rule 56.1 submissions. "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012). Local Rule 56.1 requires a party seeking summary judgment to include with its motion "a statement of material facts as to which the ... party contends there is no genuine issue and that entitle the ... party to a

judgment as a matter of law." Local Rule 56.1(a)(3); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008). Each paragraph must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005).

The party opposing summary judgment must then respond to the movant's statement of proposed material facts; that response must contain both "a response to each numbered paragraph in the moving party's statement," Local Rule 56.1(b)(3)(B), and a separate statement "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment." Local Rule 56.1(b)(3)(C); *Ciomber*, 527 F.3d at 643. Again, each response and each asserted fact must be supported with a reference to the record. Local Rule 56.1(b)(3)(B); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Bay Area Business Council, Inc.*, 423 F.3d at 633.

The district court is entitled to enforce strict compliance with its local rules regarding summary judgment motions. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010). Responses and facts that are not set out and appropriately supported in an opponent's Rule 56.1 response need not be considered. *See Shaffer v. American Medical Association*, 662 F.3d 439, 442 (7th Cir. 2011); *Bay Area Business Council*, 423 F.3d at 633.

## II.
### Exhaustion of Administrative Remedies

The defendants argue that the plaintiff failed to exhaust his administrative remedies prior to filing his suit. The Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e). The PLRA was a response to the fact that prisoner litigation comprises an outsized share of the filings in federal district courts. *Woodford v. Ngo,* 548 U.S. 81, 94, n. 4 (2006); *Jones v. Bock*, 549 U.S. 199, 203 (2007). "Most of these cases have no merit; many are frivolous." *Jones*, 549 U.S. at 203. It is nonetheless important "that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Id.* "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Id.* at 203-204.

The Seventh Circuit has taken a "strict compliance approach to exhaustion, meaning that the prisoner must properly use the prison's grievance system." *Santiago v. Anderson*, 496 Fed Appx. 630, 636 (7th Cir. 2012). *See also*, *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). But the defendants bear the burden of proving nonexhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). To carry that burden, "they must do more than point to a lack of evidence in the record; rather, they must establish affirmatively that the evidence is so one-sided that no reasonable fact finder could find that the plaintiff was prevented from exhausting his administrative remedies." *Santiago*, 496 Fed.Appx. at 636; *Branham v. Snow,* 392 F.3d 896, 906–07 (7th Cir. 2004).

The defendants assert the following few facts in support of their motion for summary judgment.[1] Plaintiff filed two grievances related to the beatings he allegedly suffered at the hands of the correctional officers on May 7, 2012. (*Defendants' Statement fo Facts* ("*Def.St.*"), ¶ 4). The grievances were processed together and given the control number of 2012 X 6980. (*Def.St.*, ¶ 5). Plaintiff received a "response" to his grievance on June 5, 2012. (*Def.St.*, ¶ 5). The response informed plaintiff that "a copy of []his grievance [was] being forward [sic] to OP," (*Def.St.*, Ex. 2), which is the jails's Office of Professional Review. (*Def. St.*, ¶ 10). The response also included a section entitled "Inmate's Request for an Appeal", and informed the reader that "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response." (*Def. St.*, Ex. 2).

The defendants state that plaintiff did not file an appeal to this response, and argue that he had to under the jail's established grievance procedure. (*Def.St.*, ¶¶ 8-9). They do not point to any rule requiring this, but rely on the affidavit of the jail's deputy director of inmate services, John Mueller. (*Def.St.*, ¶ 9, Ex. 3, ¶ 4). They also – again through Mr. Mueller – explain that the OPR and the investigations it conducts are separate and distinct from the inmate grievance procedure. (*Def.St.*, ¶ 11, Ex. 3, ¶ 6). Mr. Mueller claims this is explicitly set forth in the grievance procedures – which are available to all inmates – and quotes Section VIII, D of the procedures: "OPR

---

[1] The defendants assert no facts in support of their argument that the plaintiff has not shown that defendants Hernandez, Rodriguez, Salamone, or Irachata committed any unconstitutional acts against him. Instead they cite snippets of plaintiff's deposition testimony in their memorandum, in violation of the local rule. The court need not consider any improperly submitted facts. *See Shaffer*, 662 F.3d at 442(it is the court's prerogative not to consider any fact not contained in the parties' Rule 56.1 statements); *Bay Area Business Council*, 423 F.3d at 633 (court properly disregarded affidavits not referenced in the Rule 56.1 submission).

5

investigation shall have no bearing on, and shall be separate and distinct from, the inmate grievance process." (*Def.St.*, Ex. 3, ¶ 6).[2] This would seem fatal to the defendants' argument, but Section VIII, D, however, says no such thing. There is no mention of OPR, let alone OPR's role or lack thereof in the inmate appeals process:

> D. Appeals Process
>
> 1. If an inmate wishes to appeal the grievance decision, the inmate shall have 14 calendar days from receipt of the decision to appeal to the Administrator of Program Services or designee by completing a Request for Appeal form. Such requests for appeal shall be collected in the same manner as the original grievance.
>
> 2. The Administrator of Program Services/designee shall have 21 calendar days to review the grievance appeal and reply to the inmate. The reply shall be in writing and the inmate shall date and sign the written decision, in duplicate, to indicate he or she has received notification of the appeal decision. The Administrator of Program Services shall be responsible for recording the appeal on the Program Services Grievance Tracking Log and for maintaining the written notification of the decision for, at a minimum, five years.

(*Def.St.*, Ex. 3, Sheriff's Order 11.14.5.0, at 10). Elsewhere, the procedures refer to the OPR, but only to say that grievances dealing with claims of excessive force must be forwarded to OPR. (*Def.St.*, Ex. 3, Sheriff's Order 11.14.5.0, at 9). This is contrary to the above interpretation by Mueller – or so it would appear.

For the defendants, the "response" that the plaintiff received triggered his time to file an appeal. The plaintiff argues that it was not a response at all, because forwarding the grievance to another department for investigation of the allegations does not resolve the matter as "sustained" or

---

[2] Defendants also rely on the affidavits of a correctional rehabilitation worker and the assistant director of the OPR. Neither of these two individuals point to anything that supports their assertions.

6

not "sustained." Indeed, what inmate – or what person, really – would think to file an appeal when they were told their grievance was being handled by another office that, under the procedures, investigates all complaints of excessive force? The "response" could only have the effect of putting a reasonable recipient in repose, waiting to hear whether his grievance had been sustained or not. But it didn't really have that effect on the plaintiff, and that's the trouble. The plaintiff filed a lawsuit before he heard what the results of the investigation into his grievance were. As we shall see, in so doing, he failed to exhaust his administrative remedies.

The defendants point to *Worthem v. Boyle*, 404 Fed.Appx. 45 (7th Cir. 2010), which involved a situation quite similar to that in this case.[3] A Cook County Department of Corrections inmate filed a grievance about an assault committed by a bailiff against him during a court appearance. The district court granted summary judgment for Boyle on the ground that Worthem filed suit before exhausting his available administrative remedies. The facts were these: Before filing his § 1983 complaint on November 21, 2007, Worthem had submitted two administrative grievances about the alleged assault. Worthem first submitted a grievance to the Cook County Department of Corrections on September 27. On October 15, Worthem received a written response stating that his grievance

---

[3] *Worthem* is an unpublished Order that the Seventh Circuit has designated as non-precedential. The defendants have cited it in accordance with Fed.R.App.P. 32.1(a). The plaintiff has not argued that it is without precedential value in this case. While not binding, the Order offers guidance.

Defendants also attempt to liken the circumstances in this case to those in *Pavey v. Conley*, 663 F.3d 899 (7th Cir. 2011), where the court rejected an argument that a vocal complaint to prison officials and participation in an internal affairs investigation sufficed for an exhaustion of administrative remedies. But unlike the plaintiff here, the inmate in *Pavey* didn't even file a grievance. 663 F.2d at 905; *see also Panaro v. City of N. Las Vegas,* 432 F.3d 949, 953 (9th Cir.2005)(inmate never filed a grievance); *Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir.2003)(inmate filed an untimely and deficient grievance), *abrogated on other grounds by Woodford v. Ngo,* 548 U.S. 81, 87 (2006).

7

had been forwarded to the Internal Affairs Division of the Court Services Department, a part of the Sheriff's office. A note on the response told Worthem he had 14 days to appeal; Worthem ultimately waited until November 30 to do so. That untimely appeal was rejected on December 6, with the explanation that Internal Affairs was handling the matter. Meanwhile, Worthem submitted a second grievance directly to Internal Affairs on November 15. In February 2008, Internal Affairs concluded that Worthem's allegations were "not sustained." But before all this occurred he filed suit in the district court.

Unlike the plaintiff here, the plaintiff in *Worthem* filed an appeal to the response that the matter was being forwarded to Internal Affairs – albeit later than the 14 days noted on the response form and *after* he filed his lawsuit. The court said that the inmate ought to have filed an appeal of the response that the complaint was being forwarded to Internal Affairs in a timely manner before filing suit, and since Internal Affairs had to review the complaint:

> If [plaintiff] was displeased with the decision to pass the matter on to Internal Affairs for investigation, [he] could have filed – and did file – an administrative appeal, but that step had to come before he filed the lawsuit, not after.

404 Fed.Appx. at 46.

But immediately before this sentence, the court said: "Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals. The review process did not end when [plaintiff's] grievance was forwarded to Internal Affairs." *Worthem*, 404 Fed.Appx. at 46 (citations omitted).

Depending on how one reads *Worthem*, the plaintiff here either had to appeal the response indicating his grievance was forwarded to OPR, or give "the process a chance to work." and await

8

a response from OPR, since "the review process did not end when [plaintiff's] grievance was forwarded to Internal Affairs."[4] As long as the administrative authority has the ability to take some action in response to the grievance–even if it's not the action the inmate requested–an administrative remedy is still "available" under the PLRA. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

It might have been that whatever action the OPR took would have satisfied the plaintiff, thus obviating the need for litigation. *Porter v. Nussle*, 534 U.S. 516, 525 (2001); *Dole*, 438 F.3d at 809.[5] Here, the plaintiff neither appealed the notice that his grievance was being forwarded to OPR, nor awaited the results of the OPR investigation. He simply filed suit three months later, before exhausting his administrative remedies. That was an impermissible course of action.

---

[4] Aside from *Worthem*, the inmate grievance procedures suggest that the assignment of the grievance to OPR was a "response" and that this might have been the proper course of action. The department supervisor has 15 days to determine resolution of a grievance. Grievances are resolved by finding them sustained or not sustained and determining the appropriate remedy. Grievances involving allegations of excessive force must be forwarded to OPR. (*Defendants' Response to Plaintiff's Rule 56.1 Statement*, ¶¶ 28-31). By determining that an inmate can appeal the assignment of a grievance to an internal affairs division like OPR, 404 Fed.Appx. at 96("If he was displeased with the decision to pass the matter on to Internal Affairs, [plaintiff] could have filed – and did file – an administrative appeal"), the court may have concluded that such an assignment would be a remedy that would trigger the appeal process. That seems to run counter to the court's decision in *Pavey*, where it held that an internal affairs investigation is not a "remedy" under the PLRA. 663 F.3d at 905 ("Section 1997e(a) is concerned with the "remedies" that have been made available to prisoners. An internal-affairs investigation may lead to disciplinary proceedings targeting the wayward employee but ordinarily does not offer a remedy to the prisoner who was on the receiving end of the employee's malfeasance.").

[5] According to the assistant executive director of the OPR, Jerome Graber, the OPR's investigation into plaintiff's grievances did not conclude until a year after they were filed, on May 10, 2013, at which time they were found "not sustained." (*Def.St.*, Ex. 5, ¶ 5). No claim is made that the OPR investigation was taking too long, and that prison officials have exploited "the exhaustion requirement through indefinite delay in responding to grievances." *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002). The plaintiff's argument is that the assignment of the investigation to OPR was not a proper response. (Plaintiff's Response, at 1, 7). That argument is unpersuasive.

Plaintiff struggles to marshal arguments against *Worthem*. (*Plaintiff's Response*, at 11). While he claims he was not informed he had 14 days to appeal, the evidence shows that he clearly was – right on the response form. He argues that unlike the plaintiff in *Worthem*, he did not file an untimely appeal. But worse, he didn't file any appeal at all. Finally, he submits that, unlike the plaintiff in *Worthem*, he did not file his case one month after the incident. Actually, the plaintiff in *Worthem* filed his lawsuit about two months after the incident, and a little more than a month after receiving the response. *Worthem*, 404 Fed.Appx. at 45. The plaintiff here filed suit five months after the incident and three months after receiving the response. But these timelines are essentially meaningless. Under *Worthem*, the plaintiff could have appealed the assignment of his grievance to OPR. *Worthem*, 404 Fed.Appx. at 46. Under *Worthem* and established Supreme Court and Seventh Circuit precedent, he should have appealed or awaited the results of the OPR investigation. He did neither, meaning that he failed to exhaust his administrative remedies and the defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment [Dkt. #45] is GRANTED on the plaintiff's claim under 42 U.S.C. §1983, which is dismissed for failure to exhaust administrative remedies. The balance of the motion for summary judgment is denied. The court declines to exercise jurisdiction over the plaintiff's remaining state law claims under 28 U.S.C. §1367(c)(3). "[T]he general rule in this circuit that when 'the federal claim drops out before trial,

... the federal district court should relinquish jurisdiction over the supplemental claim.'" *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/7/14

11