# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DERRICK CRAYTON,** | )<br>) |
| **Plaintiff,** | ) No. 12 C 7128<br>) |
| v. | ) Magistrate Judge<br>) Jeffrey Cole |
| **COOK COUNTY CORRECTIONAL OFFICER**<br>**GRAFFEO,** *et al.*, | )<br>)<br>) |
| **Defendants.** | )<br>) |

## Memorandum Opinion And Order

The plaintiff has filed a motion to alter or amend the judgment of January 7, 2014, under Fed.R.Civ.P. 59(e). Such a motion serves a limited function. It must be based on a manifest error of law or fact or to newly discovered evidence. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 598 (7th Cir.2012). The plaintiff has failed to demonstrate either is the case here.

The ruling granting the defendant's motion for summary judgment was based plaintiff's failure to exhaust his administrative remedies regarding grievances he filed while an inmate at the Cook County Jail. The plaintiff complains that the court failed to accept the undisputed fact that Office of Professional Responsibility ("OPR") investigations are separate and distinct from the grievance process, and was wrong when it stated that the plaintiff should have either appealed the response indicating his grievance was forwarded to OPR or give the process a chance to work. The first thing doesn't matter, and the second thing resulted from following the Seventh Circuit's ruling in a similar case, *Worthem v. Boyle*, 404 Fed. Appx. 45 (7th Cir. 2010).

The court did not rule that OPR and grievance processes were not separate. Instead, it rejected the cited evidence in support of that assertion. As the plaintiff must concede [Dkt. # 54, at 5], the evidence defendant cited did not support the asserted fact. As such, it did not matter if the plaintiff accepted the fact or not. When the defendant moves for summary judgment, it has to provide the proper support for the facts it claims entitles it to judgment. L.R. 56.1. This requirement was discussed at length in the decision. [Dkt. #50, at 2-3]. The paragraph plaintiff focuses on was little more than a commentary on the quality of defendant's Local Rule 56.1 submission.

It was, as things turned out, of no moment to the decision. As the opinion made clear, it did not matter whether the procedures were distinct given the Seventh Circuit's ruling in *Worthem v. Boyle*, 404 Fed.Appx. 45 (7th Cir. 2010). [Dkt. #50, at 6-9]. It was not fatal to the defendant's motion. Hence, the opinion employed the phrase that garners all of plaintiff's attention, "would seem fatal" rather than saying it *is* fatal, because, in the end, it was not.

Under *Worthem*, by filing suit three months after his grievance was forwarded to OPR, the plaintiff failed to exhaust his administrative remedies. As was discussed in the opinion – and apparently ignored by plaintiff, given this motion, the Seventh Circuit explained that if a plaintiff is displeased with the decision to pass a grievance on to another division, that plaintiff should file an administrative appeal. Either that, or wait for the process to work all the way through. 404 Fed.Appx. at 46. The plaintiff here neither appealed the forwarding of the grievance nor awaited the results of the investigation meaning he failed to exhaust his administrative remedies prior to filing suit.

The plaintiff was unable to distinguish the holding in *Worthem* [Dkt. # 50, at 10] and chose not to argue against its precedential value. [Dkt. # 50, at 7 n.3]. In most contexts, failure to raise or

develop a point constitutes waiver. *Wellness Intern. Network, Ltd. v. Sharif*, 727 F.3d 751, 781 (7th Cir. 2013); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013). But Circuit Rule 32.1 is a limitation on the effect of certain kinds of cases and thus is not subject to general principles of waiver resulting from omissions of counsel. But the fact that *Worthem* does not "constitute the law of the Circuit," Circuit Rule 32.1, does not mean it has no value and should be blithely ignored. Nonprecedential decisions can "offer helpful guidance." *United States v. Ramirez,* 675 F.3d 634, 636 (7th Cir.2011), and ignoring cases that are contrary to one's position is unwise. *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987). Plaintiff ignores *not only Worthem*, but about half of the ruling on the defendant's motion for summary judgment elaborating on *Worthem* and the facts of this case.

The motion to alter or amend the judgment [Dkt. # 52] is DENIED.

**ENTERED:** _/s/ Jeffrey Cole_
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2/14/14